## Case No. 462.

### ANONYMOUS.

[2 N. B. R. (1869,) 141, (Quarto, 53.)]

District Court, N. D. New York.

BANKRUPTCY—SCHEDULE OF CREDITORS—NEWSPAPERS.

[In a bankrupt's schedule of creditors containing debts owing to newspapers, the names of the proprietors of the newspapers should be given, and not the names of the newspapers only.]

In bankruptcy. Register Sprague, of the northern district of New York, stated that a petition has been presented to him for certification, and that the schedule of creditors contained the names of sundry newspapers to which the debtor was owing debts, but the names of the proprietors of the papers were not given, and he was in doubt whether he ought to grant a certificate.

---

## Case No. 463.

### ANONYMOUS.

[1 N. Y. Leg. Obs. 349.]

District Court, N. D. New York. March, 1843.

EVIDENCE—PREFERENCE—PRACTICE.

1. An answer sworn to by a bankrupt in a suit in chancery, may be used as evidence against him in bankruptcy.

2. Where it appeared that the bankrupt had, prior to the passage of the act in contemplation of bankruptcy, and for the purpose of giving preferences to certain of his creditors, confessed several judgments to a large amount, upon which executions were issued forthwith, in virtue of which all his property was sold. Held, that he was not entitled to a discharge and certificate without the assent of a majority in interest of his creditors, who had not been preferred.

3. It is not put upon the bankrupt to come prepared with such assent on the day to show cause.

In bankruptcy. This being the day to show cause against granting a discharge to the bankrupt, objections were filed by several creditors, charging him with having, on the 5th and 11th of January, 1841, in contemplation of bankruptcy, and for the purpose of giving a preference to certain of his creditors, confessed several judgments to a large amount, whereon he permitted executions to be issued forthwith, in virtue of which all his property was sold. For the purpose of establishing the truth of the objections, an exemplification of the sworn answer of the bankrupt to a bill lately brought against him in the state court of chancery, was offered in evidence, which answer it was insisted by the counsel for the objectors contained admissions fully demonstrating the truth of the objections and therefore rendered it unnecessary to take a rule for the examination of witnesses. The sufficiency of the admission contained in the answer was not denied by the counsel for the bankrupt; provided the answer was admissible in evidence.

Goodwin & Smith, for objectors.
Myers, for bankrupt.

CONKLING, District Judge. The admissions of the bankrupt in the answer in chancery, are unquestionably evidence against him; and if, as seems to be tacitly conceded, they establish the truth of the objections, no discharge can now be granted. But the preferences imputed to the bankrupt having been given before the passage of the act, are only a qualified bar to a discharge, which may be removed by the assent of a majority in interest of those of his creditors who have not been preferred. No period is fixed by the act within which such assent must be obtained; but from the nature of the case there must be some reasonable limit to this period. It was suggested by one of the counsel for the objecting creditors, that the bankrupt ought to be required to come prepared with the assent on the day to show cause. There is nothing in the terms of the act demanding so great strictness, and I am of opinion that such a construction would be unreasonable. The bankrupt ought to be allowed sufficient time after the decision against him on the objections, to ascertain the disposition of his creditors, and obtain the assent of such of them as are willing to give it. The length of time actually necessary for this purpose in any particular case, would of course depend on the circumstances of the case; and the absence or remote residence of creditors might require a considerable period. The act being unfortunately silent on the subject, it would seem from the necessity of the case to rest altogether in the discretion of the courts. They might prescribe a period in each case with reference to the circumstances pertaining to it. But this would be inconvenient; and it would therefore, I think, be better to fix a period applicable to all cases; and for the reasons already stated, this ought to be of considerable length. It was suggested, also, that no discharge ought to be granted on the assent of creditors, without previous notice to the objecting creditors. This seems to be reasonable, in order to afford them an opportunity to contest the existence and amounts of the debts claimed by the assenting creditors. It will therefore be necessary to frame

additional rules to regulate the practice in this respect, and I shall accordingly direct my attention to the subject for that purpose.